IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS HEVERS,

    Plaintiff,

    v.                               Civil Action No.:  MJM-24-301

PAUL MATERA, MD, et al.,

    Defendants.

## MEMORANDUM OPINION

Self-represented plaintiff Thomas Hevers filed this civil action, pursuant to 42 U.S.C. § 1983, against defendants Dr. Paul Matera, Dr. Clayton Raab, Dr. Getnet Luka, Dr. Isaias Tessema, PA Ruth Pinkney, CRNP Stephanie Cyran, CRNP Bethany Roderer, and PA-C Ruth Campbell (collectively, "Defendants").[1] ECF Nos. 1 & 8.  With the exception of Ruth Pinkney, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment.  ECF No. 25. Hevers was granted an extension of time to respond to the Motion but, to date, has not filed a response.  ECF No. 29.  No hearing is required to address the pending Motion.  *See* Local Rule 105.6 (D. Md. 2025).  For the reasons that follow, Defendants' Motion shall be granted.

### I.    Background

Hevers is a 70-year-old inmate incarcerated at Eastern Correctional Institution.  ECF No. 1 at 2.  In his verified Complaint, Hevers explains he has many "physical afflictions" and complains that he is experiencing pain and swelling in his groin.  *Id.*  Dr. Raab diagnosed Hevers with a cyst and proscribed him a 10-day regimen of Tramadol and Celebrex.  *Id.* at 3.  Hevers asserts that on May 30, 2023, he saw CRNP Roderer, who told him that what he had was not a cyst and scheduled

---

[1] The Clerk will be directed to amend the docket to correctly reflect Dr. Getnet Luka and PA Ruth Campbell's names.

him to see a urologist.  *Id.*  It is unclear whether Hevers ever saw a urologist.  In the summer of 2023, Hevers saw NP Cyran and/or Dr. Matera about the growing mass.  He was prescribed a stronger antibiotic, but states at the time he filed the Complaint, the cyst had not shrunk and the pain had not subsided.  *Id.*  Hevers claims that he has not received adequate medical attention because he is only being given pain medication rather than exploring preventative or curative measures.  *Id.*; ECF No. 8 at 4.  Hever asserts that Luka, Tessema, and Campbell also diagnosed him and "tailered [sic] for Plaintiff various forms of medical treatment."  ECF No. 8 at 3.  The Complaint requests damages and declaratory relief.  ECF No. 1 at 5.

## II.      Standard of Review

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and in a light most favorable to the plaintiff.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'"  *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above a speculative level."  *Twombly*, 550 U.S. at 555.  "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'"  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim, *see Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a

2

district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

A motion to dismiss styled in the alternative as a motion for summary judgment implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where the plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). When a movant expressly captions its motion to dismiss "in the alternative" as one for summary judgment and submits matters outside the pleadings for the Court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Id.* at 261.

The Court finds that Hevers was given sufficient notice for the Court to treat Defendants' Motion as one for summary judgment. However, it will be construed as one for dismissal under Rule 12(b)(6) because the Court does not need to consider materials outside the pleadings to resolve the Motion.

## III. Discussion

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see also Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th

Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)); *accord Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017). To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Anderson*, 877 F.3d at 543. Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834–37 (1994); *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017); *King*, 825 F.3d at 218; *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

Defendants argue that, even if Hevers's groin pain is an objectively serious medical need, he has not alleged that Defendants failed to provide him with medical care. ECF No. 25-1 at 17–19. The Court agrees. The thrust of Hevers's Complaint is that his medical care has not been adequate because there have been no efforts to address the cyst in his groin itself and medical providers have only addressed his pain symptoms. To his detriment here, however, he does not make more than conclusory statements in support of his position. Hevers's allegations generally lack specificity and do not include any explanation of how each Defendant personally refused to provide him with anything more than pain medication in response to his complaints.

The specifics that Hevers does include cannot, even liberally construed, establish Defendants' deliberate indifference. In the case of Dr. Raab and CRNP Roderer, Hevers states that they assessed, diagnosed, and made treatment plans for him. He received antibiotics and

referral to a urologist. Nothing indicates reckless action by either of these Defendants; instead, it appears they each paid him prompt attention. Similarly, CRNP Cyran and Dr. Matera prescribed Hevers stronger antibiotics, although he deemed them ineffective. Hevers does not allege any facts to suggest that either Defendant knew, before or after, that the medication would not work or that either Defendant intentionally ignored his complaints. The facts regarding PA-C Campbell, Dr. Luka, and Dr. Tessema likewise offer nothing more than the allegation that each ordered different treatment plans for him. Ultimately, Hevers does not allege any misconduct by any Defendant.

"[A]n inadvertent failure to provide adequate medical care" does not amount to "deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 105–06; *accord Anderson*, 877 F.3d at 543 ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Further, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)); *accord Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Hevers does not allege sufficient facts, let alone exceptional circumstances, to establish a claim for deliberate indifference. Accordingly, Defendants' Motion will be granted.

Service of process has not been accepted on behalf of defendant Ruth Pinkney. Regardless, Hevers only lists Pinkney as a defendant in the Complaint but does not make any allegations against her. Therefore, the Complaint against her will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## IV.    Conclusion

By separate Order which follows, Defendants' Motion, treated as a motion to dismiss, will be granted.  The Complaint, as supplemented, will be dismissed for failure to state a claim.  Hevers is forewarned that if, while incarcerated, he has three actions or appeals dismissed on grounds that they are frivolous, malicious, or fails to state a claim, his right to file a complaint in federal court without first paying the filing fee will be greatly curtailed.  *See* 28 U.S.C. § 1915(g).

A separate Order follows.


March 9, 2026_____                    _____/S/_____
Date                                   Matthew J. Maddox
                                       United States District Judge